[608 NYS2d 491]

In the Matter of CHARLES RAYMOND ROBERT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 28, 1994

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*Meyer, Suozzi, English & Klein, P. C.,* Mineola *(Joseph A. Suozzi* of counsel), for respondent.

Per Curiam.

In this proceeding, the Special Referee sustained three of four charges of professional misconduct against the respondent. The petitioner and the respondent have made respective motions to confirm in part and disaffirm in part.

Charge Two alleged that the respondent converted escrow funds to his own use and benefit without the knowledge or consent of the purchasers of certain real property or their attorney. The sum converted was approximately $245.98 in interest which was generated by the respondent's escrow account between the day of deposit, on or about March 11, 1983, and the closing on November 2, 1983.

Charge Three alleged that the respondent converted escrow funds, in that he requested that his law partner, prior to closing, draft and deliver to him a check drawn against the interest-bearing account and payable to cash in the amount of $2,863.80. The respondent exchanged that check for a bank check from the Empire of America Bank in the amount of $2,863.80, payable to Robert F. McLaughlin. The respondent mailed said check to Robert F. McLaughlin, Esq., of Idaho for the purpose of obtaining a quitclaim deed from his client, one Michael Misnick. The quitclaim deed was necessary to effectuate a particular title closing.

On or about October 21, 1983, the aforesaid check was debited against the interest-bearing escrow account, resulting in a balance of $4,652.71 in that account. The respondent's use of the contract down payment in advance of the closing was made without the knowledge or consent of the purchasers or their attorney.

Charge Four alleged that the respondent breached an escrow agreement with another attorney. In order for the respondent's client to convey clear title to the subject property, it was necessary to obtain quitclaim deeds from three individuals with a recorded interest in the chain of title. One of the individuals who had such an interest was Daniel Misnick, who was represented by Austin Cahill, Esq.

In or about July 1982, respondent and Cahill reached an agreement, whereby Misnick would provide the respondent's client, Kiey, with a quitclaim deed in exchange for a payment of $2,500 from Kiey. The deed was to be forwarded to respondent to be held by him in escrow pending Cahill's receipt of

$2,500. The terms of this agreement were memorialized in a letter by the respondent to Cahill dated July 22, 1982.

By letter dated July 26, 1983, Cahill delivered the required quitclaim deed executed by his client, Misnick, with instructions to the respondent not to record it until Cahill received the agreed-upon monetary consideration. The respondent utilized the quitclaim deed at the closing on November 2, 1983. The respondent caused the deed to be recorded on or about December 12, 1983, notwithstanding the fact that no payment was ever made pursuant to the escrow agreement in advance of recording.

In or about May 1989, Cahill and Misnick instituted an action against the respondent and his client, Kiey, in Supreme Court, Nassau County, to recover damages for breach of the escrow agreement. By decision dated October 15, 1991, rendered after trial, Judicial Hearing Officer Collins found that the respondent had breached the escrow agreement and was responsible in damages to the plaintiffs by releasing Misnick's deed from escrow without authority and payment of the consideration called for under the agreement between him and Cahill.

After reviewing all of the evidence adduced, we find that the respondent is guilty of Charges Two, Three and Four. Accordingly, the petitioner's motion is granted to the extent that the portion of the Special Referee's report as sustained Charges Three and Four is sustained. That portion of the petitioner's motion which sought to disaffirm the Special Referee's failure to sustain Charge Two is granted. The respondent's cross motion is granted only to the extent of disaffirming the Special Referee's finding that Charge One was sustained. The cross motion is denied in all other respects.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration that all of the charges of professional misconduct against respondent emanate from a single real estate transaction which closed in 1983. It does not appear that the respondent personally profited from his misconduct. Moreover, having heard all of the evidence firsthand, the Special Referee declined to make a finding, as the petitioner had requested, that the respondent lacked candor in making his defense to the disciplinary proceeding.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year commencing March 2, 1994.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BAL-
LETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the Special
Referee's report insofar as it sustained Charges One, Three
and Four of the petition and to disaffirm the report to the
extent that it failed to sustain Charge Two and failed to find
the respondent guilty of a lack of candor is granted only to
the extent that Charges Two, Three and Four of the petition
are sustained, and is denied in all other respects; and it is
further,

Ordered that the respondent's cross motion to confirm in
part and disaffirm in part is granted only to the extent of
disaffirming the Special Referee's finding that Charge One is
sustained, and is denied in all other respects; and it is further,

Ordered that the respondent, Charles Raymond Robert, is
suspended from the practice of law for a period of one year,
commencing March 2, 1994, and continuing until the further
order of this Court, with leave to the respondent to apply for
reinstatement no sooner than six months prior to the expira-
tion of the said period of one year upon furnishing satisfactory
proof (a) that during the said period he refrained from practic-
ing or attempting to practice law, (b) that he has fully com-
plied with this order and with the terms and provisions of the
written rules governing the conduct of disbarred, suspended
and resigned attorneys (22 NYCRR 691.10), and (c) that he has
otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the
period of suspension and until the further order of this Court,
the respondent, Charles Raymond Robert, is commanded to
desist and refrain (1) from practicing law in any form, either
as principal or agent, clerk or employee of another, (2) from
appearing as an attorney or counselor-at-law before any court,
Judge, Justice, board, commission or other public authority,
(3) from giving to another an opinion as to the law or its
application or any advice in relation thereto, and (4) from
holding himself out in any way as an attorney and counselor-
at-law.

Motion [decided Apr. 15, 1994] by the respondent for (1)
reargument of an attorney disciplinary proceeding which was
determined by an opinion and order of this Court, dated
February 28, 1994 (197 AD2d 15), sustaining three charges of
professional misconduct against him and suspending him from
the practice of law for a period of one year, and upon reargu-
ment, to dismiss the charges against him, or in the alterna-

tive, to reduce the penalty imposed, *inter alia,* to a public censure, or, (2) leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted; and it is further,

Ordered that, upon reargument, the portion of the opinion and order of this Court dated February 28, 1994, which sustained Charge Two and the decretal paragraphs thereof, are recalled and vacated; and it is further,

Ordered that the order of this Court, dated March 25, 1994, extending the effective date of the suspension of the respondent from the practice of law to April 15, 1994, is recalled and vacated; and it is further,

Ordered that, upon reargument, the petitioner's motion to confirm the Special Referee's report insofar as it sustained Charges One, Three and Four of the petition and to disaffirm the report to the extent that it failed to sustain Charge Two and failed to find the respondent guilty of a lack of candor is granted only to the extent that Charges Three and Four of the petition are sustained, and is denied in all other respects; and it is further,

Ordered that, upon reargument, the respondent's cross motion to confirm in part and disaffirm in part is granted to the extent of (1) disaffirming the Special Referee's finding that Charge One is sustained, (2) confirming the Special Referee's determination that Charge Two is not sustained, and is denied in all other respects; and it is further,

Ordered that, upon reargument, the respondent, Charles Raymond Robert, is censured for his misconduct; and it is further,

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied.

Upon reargument, we find that the Special Referee properly found that Charge Two is not sustained. In view of our determination, upon reargument, that only Charges Three and Four are supported by a preponderance of the credible evidence, the sanction of a one-year suspension is excessive. Instead, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.